**J. A. MAHER, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–12759.**

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1959.

Pierce, Pierce & Brook, Earl Boyd Pierce, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, J. A. Maher, defendant below, was charged by information in the County Court of Muskogee County, Oklahoma, with the offense of practicing dentistry without a license. He was tried by a jury, convicted, and his punishment fixed at a fine of $100 and confinement for thirty days in the county jail. Judgment

and sentence were entered accordingly, from which this appeal has been perfected.

The information charged, in substance, that the defendant willfully and unlawfully constructed and reproduced a prosthetic denture, also known as a plate, for one I. V. Coburn, after having first made impressions of the gums and teeth and having fitted the same without first having been licensed to practice dentistry under the laws of the State of Oklahoma. This action was brought under the provisions of 59 O.S.1951 § 271, the pertinent part of which reads:

> "Any person shall be regarded as practicing dentistry within the meaning of this Act who shall hold himself out, or employ methods, in any way, representing himself as being engaged in the practice of dentistry; * * * or furnishes, supplies, constructs, reproduces or repairs, or offers to furnish, supply, construct, reproduce or repair prosthetic dentures (sometimes known as plates), bridges or other substitutes for natural teeth, to the user or prospective user thereof; * * * or takes impressions of the teeth and jaws; * * *."

The state's evidence is completely in support of the charge in the information, to wit: that the defendant did make a set of upper plates for I. V. Coburn after having taken the necessary impressions, and supplied the same to I. V. Coburn. The record discloses that the defendant had been engaged in the business of dental technician making such plates for fifteen years; seven years in the U. S. Army, and eight years in and around Miami, Oklahoma. The record presents a question of fact for the determination of the jury. It has been repeatedly held:

> "Where there is competent and substantial evidence in the record from which the jury might reasonably conclude that the defendant is guilty of the crime charged, the jury's verdict will not be interfered with upon the ground that the evidence is insufficient to sustain the conviction."

Hunt v. State, 81 Okl.Cr. 114, 161 P.2d 82.

This conviction is supported by Shewmaker v. State, Okl.Cr., 329 P.2d 858, and Crosbie v. State, Okl.Cr., 330 P.2d 602, construing and applying the foregoing statute under which this prosecution was brought. The judgment and sentence is affirmed.

POWELL, P. J., and NIX, J., concur.